

12-CV-05932-CMP

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER F LUKASHIN & IGOR LUKASHIN<br><br>Plaintiffs<br><br>vs.<br><br>SUTTELL & HAMMER, P. S., & NICHOLAS R. FILER, & MALISA L. GURULE<br><br>Defendants, | NO. C12-5932<br><br>**COMPLAINT** |

**Parties to this Complaint:**

| | |
|---|---|
| Plaintiffs' Names, Address, and Phone Number | HEATHER F LUKASHIN & IGOR LUKASHIN<br>3007 FRENCH ROAD NW<br>OLYMPIA, WA 98502<br>(360) 447 8837 |
| Defendant's Name, Address, and Phone Number | SUTTELL & HAMMER, P. S.<br>10900 NE 8TH ST STE 605<br>BELLEVUE, WA 98004-4454<br>(425) 455-8220 |
| Defendant's Name, Address, and Phone Number | NICHOLAS R. FILER<br>10900 NE 8TH ST STE 605<br>BELLEVUE, WA 98004-4454<br>(425) 455-8220 |
| Defendant's Name, Address, and Phone Number | MALISA L. GURULE<br>10900 NE 8TH ST STE 605<br>BELLEVUE, WA 98004-4454<br>(425) 455-8220 |

**Statement of Claim:**

Plaintiffs, Heather F Lukashin and Igor Lukashin, proceeding pro se, allege as follows:

## JURISDICTION AND VENUE

1. This is an action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. §§ 1692–1692p, as well as Washington Collection Agency Act ("WCAA") RCW 19.16 and Washington Consumer Protection Act ("WCPA") RCW 19.86 to obtain monetary civil damages, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FDCPA, the WCAA, and the WCPA.

2. This Court has original jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), and 1355, as well as under 15 U.S.C. §§ 1692k. This court has supplemental jurisdiction under 28 U.S.C. §§ 1367 over state law claims as being part of the same case or controversy as the FDCPA claims.

3. Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1391(b)–(c) and 1395(a).

## PLAINTIFFS

4. This action is brought by Heather F Lukashin ("HFL") and Igor Lukashin ("IL"), who are spouses and consumers residing in Olympia, Thurston County, Washington, and arises from acts or practices of the Defendants associated with collection or attempted collection of an alleged debt allegedly incurred by the first-named Plaintiff on the Capital One Bank (USA), N.A. consumer credit card account ending in 8703, including the acts or practices associated with the case No. 10-2-02299-3 in Thurston County Superior Court ("the TCSC case") that was filed and is being prosecuted by the First Named Defendant on behalf of the Capital One Bank (USA), N.A., as well as the case No. 43115-7-II currently pending in the Washington State Court of Appeals, Division Two ("the COA2 case"), which acts or practices the Plaintiffs believe subject the Defendants to civil liability

under 15 U.S.C. §§ 1692k and Washington Collection Agency Act (RCW 19.16) that impose duties upon debt collectors and/or collection agencies and/or licenses and/or employees of licensees.

### DEFENDANTS

5. First Named Defendant, **SUTTELL & HAMMER, P. S.** ("S&HPS") is a Washington corporation with its principal place of business in Washington State located at 10900 NE 8TH ST STE 605, BELLEVUE, WA 98004-4454 and its mailing address being PO BOX C-90006, Bellevue, WA 98009. At all times relevant to this Complaint, S&HPS has transacted business in this District.

6. S&HPS is a "debt collector" as defined in Section 803(6) of the FDCPA 15 U.S.C. §§ 1692a(6). As such, S&HPS is a person or entity subject to the provisions of 15 U.S.C. §§ 1692 et seq, which imposes a series of duties and prohibitions upon a debt collector. In addition, S&HPS is a "collection agency" and a "licensee" as defined in the WCAA, and is subject to the provisions of RCW 19.16, which imposes a series of duties and prohibitions upon a "collection agency" and/or a "licensee", including the prohibited practices listed in RCW 19.16.250.

7. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. §§ 1692(5).

8. **NICHOLAS R. FILER** ("Filer") is an attorney with S&HPS, WSBA #39536. Filer is a "debt collector" as defined in Section 803(6) of the FDCPA 15 U.S.C. §§ 1692a(6). As such, Filer is a person or entity subject to the provisions of 15 U.S.C. §§ 1692 et seq, which imposes a series of duties and prohibitions upon a debt collector. In addition, Filer is "an employee of a licensee" as referred to in the WCAA, and is subject to the provisions of RCW 19.16, which imposes a series of duties and prohibitions upon an "employee of a licensee", including the prohibited practices listed in RCW 19.16.250.

9. **MALISA L. GURULE** ("Gurule") is an attorney with S&HPS, WSBA #40602. Gurule is a

"debt collector" as defined in Section 803(6) of the FDCPA 15 U.S.C. §§ 1692a(6). As such, Gurule is a person or entity subject to the provisions of 15 U.S.C. §§ 1692 et seq, which imposes a series of duties and prohibitions upon a debt collector. In addition, Gurule is "an employee of a licensee" as referred to in the WCAA, and is subject to the provisions of RCW 19.16, which imposes a series of duties and prohibitions upon an "employee of a licensee", including the prohibited practices listed in RCW 19.16.250.

## DEFENDANTS' BUSINESS PRACTICES

### Certain Relevant Facts Related to Defendants' Collection Practices

10. At all times material, S&HPS represented Capital One Bank (USA), N.A., the Underlying Original Creditor ("UOC") during the process of collecting or attempting to collect a consumer credit card debt on an account ending in 8703 ("subject account") via Washington State court proceedings.

11. On October 18, 2010, S&HPS, on behalf of UOC, filed a complaint in TCSC dated March 31, 2010, signed by Steven J. Contos (WSBA #37102) on behalf of S&HPS. Paragraph II of the complaint stated:

> The defendant, HEATHER F LUKASHIN, is believed to be a married individual and as such incurred the below-referenced separate and community obligation. Defendant resides in THURSTON County, Washington. (emphasis added)

12. S&HPS then noted a Motion for Default Judgment ("MDJ") for November 19, 2010. HFL's answer was faxed to S&HPS in the morning of November 19, 2010, and IL delivered a copy of the answer, containing HFL's correct current address and telephone number, to an attorney with S&HPS in the courtroom during the November 19, 2010 civil motion hearing calendar. The default judgment hearing was stricken as a result.

13. On January 21, 2011, HFL and IL arrived at the courthouse for a status conference previously scheduled for that date, only to find out that S&HPS apparently continued the conference without

providing any notice whatsoever to HFL. After spending about an hour at the courthouse waiting for the status conference, HFL and IL left, with HFL filing a notice of appearance pro se containing correct current address and telephone number with the court prior to leaving on that date.

14. On October 24, 2011, Gurule, on behalf of S&HPS, signed a Motion for Summary Judgment ("MSJ") in the TCSC case, requesting the following relief:

> An Order of Summary Judgment against the defendant(s), HEATHER F LUKASHIN, for the principal sum of $3317.52, together with pre-judgment interest, plaintiff's costs, together with interest thereon <u>at the rate of 26.1000% per annum</u> from judgment until fully paid. (emphasis added)

while citing "Laws of the State of Washington." as the only text in the <u>LEGAL AUTHORITY</u> section.

15. MSJ attached the same AFFIDAVIT signed by Jamie Williams on April 16, 2010 that was used by S&HPS for the MDJ, and about 100 pages of alleged billing statements first introduced at the time the MSJ was signed. The AFFIDAVIT referred to a "Customer Agreement", but no such Customer Agreement was ever provided to date, despite the Washington State Civil Rule 56 requirement that copies of all documents mentioned in the affidavit are to be provided with the affidavit. Furthermore, the AFFIDAVIT did not specifically refer to any copies of alleged billing statements.

16. According to TCSC case records, S&HPS allegedly mailed documents related to the MSJ on 10/26/2011 to the following address: HEATHER F. LUKASHIN, 404 OSO BERRY ST NW, OLYMPIA, WA 98502-8183. HFL and IL have not resided at that address for over a year; and neither notice of the MSJ nor the MSJ-related documents were served on HFL as of November 21, 2011. On November 22, 2011, HFL filed a motion to strike or deny the MSJ, which resulted in the MSJ being re-noted for January 06, 2012 hearing date.

17. Several motion hearings were held in December 2011 and January 2012, with Filer representing the UOC on behalf of S&HPS and IL representing HFL on the basis of a power of

attorney executed by HFL and as authorized by Washington's RCW 4.08.040.

18. On December 29, 2011, Filer signed Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, where Filer plagiarized the entire ANALYSIS 1 section from the unpublished Washington Court of Appeals, Division Three, opinion in Capital One Bank (USA), N.A. v. Georgia A. Plumb (No. 29541-9-III) case ("the Plumb case"). The Plumb case is easily distinguishable from the TCSC case. The Reply was mailed on the same date it was signed, December 29, 2011.

19. During the MSJ hearing on January 06, 2012, Filer, against IL's timely and explicit objection, mentioned and discussed the Plumb case, failing to distinguish the TCSC case and the Plumb case in the process and, by referring to the Plumb case for the first time during the oral arguments, prejudicing HFL and IL by virtue of HFL or IL not being able to review the opinion in advance and prepare a rebuttal.

20. S&HPS, Filer, and Gurule consistently asserted that the April 16, 2010 Affidavit by Jamie Williams properly identifies the purported copies of the billing statements first submitted with the MSJ as required by RCW 5.45.020, even though Filer admitted, in open court, that these copies were procured subsequent to the date of the MDJ in November 2010, and even though copies of billing statements are not explicitly mentioned in the Affidavit. As of the time of the MSJ hearing, the Customer Agreement referred to in the Affidavit was not provided.

21. In order to be able to assess and/or attempt to collect the interest at the 26.1000% per annum rate sought in the MSJ, which is in excess of the 12% per annum current maximum legal interest rate in the State of Washington in the absence of a contract or other legal basis, S&HPS needed to provide a copy of the Customer Agreement (contract).

22. In order to be able to assess and/or attempt to collect any amount of the alleged principal

amount, S&HPS needed to provide explicit accounting of how such alleged principal was incurred. However, the set of alleged billing statements provided by S&HPS was incomplete, thus making it impossible for anyone to determine the true "sum certain", if any, owed on the alleged account, including but not limited to potential charges and fees that would be either unauthorized by consumer or not permitted under applicable law.

### Inadequate practices related to updating address information

23. S&HPS and/or Filer and/or Gurule learned relatively early on, and no later than February 2011, based on both the address information contained in HFL's Answer and the address information contained in HFL's Notice of Appearance Pro Se, that HFL no longer resided at the 404 OSO BERRY ST NW, OLYMPIA, WASHINGTON 98502 address ("the former address"). Nonetheless, the TCSC case records indicate that S&HPS sent two or more sets of documents, including the Notice of Substitution of Counsel filed on June 23, 2011, and the MSJ packet of documents mailed on October 26, 2011, to HFL's former address.

24. Where, as in the case of collections regarding HFL's alleged unpaid credit card account, S&HPS or Filer or Gurule knew or had reason to know that the initial address information provided by the UOC and/or held in S&HPS files was no longer accurate, S&HPS or Filer or Gurule lacked a reasonable basis to continue to assume that the consumer continued to reside at the former address and to use the former address as the appropriate mailing address for the consumer.

25. Courts have held that sending documents related to debt collection to an incorrect address constitutes a violation of FDCPA as related to the notice requirement. Even though S&HPS envelopes contain the phrase "Return Service Requested" near its return address, S&HPS did not have proper policies and procedures in place, at least during the relevant time period, to effectively prevent the situation of sending important legal documents to an address no longer current for the opposing party

from occurring, which is evidenced by the fact that the MSJ was sent to the former address, and the error was not corrected until after HFL moved to strike or deny the MSJ for lack of proper service.

## RELEVANT WASHINGTON STATUTES

26. RCW 19.16.250 (Prohibited practices), states, in relevant part, that:

> No licensee or employee of a licensee shall:
> [...]
> (15) Communicate with the debtor and represent or imply that <u>the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor.</u>[...]
> (21) <u>Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute</u>, and, in the case of suit, attorney's fees and taxable court costs. [...] (portions omitted, emphasis added)

27. RCW 19.16.440 states, in relevant part, that:

> [T]he commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW. (portion omitted)

28. RCW 19.16.450 states:

> <u>If an act or practice in violation of RCW 19.16.250 is committed by a licensee or an employee of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim</u>:
> PROVIDED, That any person asserting the claim may nevertheless recover from the debtor the amount of the original claim or obligation. (emphasis added)

## FAIR DEBT COLLECTION PRACTICES ACT

29. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692–1692p, which became effective on March 20, 1978, and has been in force since that date. Section 813 of the FDCPA, 15 U.S.C. §§ 1692k, authorizes suits by consumers, as a result of any debt collector's failure to comply with any provision

of the FDCPA, to recover any actual damages sustained by such consumers as a result; additional damages as the court may allow but not exceeding $1,000; and in case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney fee as determined by the court.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Violations of Section 807 and Section 808

30. Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 807(2)(A), 15 U.S.C. §§ 1692e(2)(A), specifically prohibits the false representation of the character, amount, or legal status of any debt, while Section 807(10), 15 U.S.C. §§ 1692e(10), prohibits using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Section 808 of the FDCPA, 15 U.S.C. §§ 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. Section 808(1) of the FDCPA, 15 U.S.C. §§ 1692f(1), specifically prohibits the collection of any amount including any interest, fee, charge, or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. In numerous instances, in connection with the collection of the alleged debt of the Plaintiffs, including in prosecuting the TCSC case, S&HPS, and/or Filer, and/or Gurule, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and/or used unfair or unconscionable means to collect or attempt to collect any debt, in violation of Section 808 of the FDCPA, 15 U.S.C. §§ 1692f, including, but not limited to, the following:

    a. In numerous instances, S&HPS, and/or Filer, and/or Gurule, directly or indirectly,

have used false representations concerning the character, amount, or legal status of the Plaintiffs' debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A);

b. In numerous instances, S&HPS, and/or Filer, and/or Gurule, directly or indirectly, have used false representations or deceptive means to collect or attempt to collect the Plaintiffs' debt, in violation of Section 807(10) of the FDCPA, 15 U.S.C. §§ 1692e(10);

c. In numerous instances, S&HPS, and/or Filer, and/or Gurule, directly or indirectly, have used unfair or unconscionable means to collect or attempt to collect the Plaintiffs' debt, in violation of Section 808(1) of the FDCPA, 15 U.S.C. §§ 1692f(1).

32. The acts and practices alleged in Paragraph 31 constitute violations of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e or Section 808 of the FDCPA, 15 U.S.C. §§ 1692f. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. §§ 1692l(a), the acts and practices alleged in Paragraph 31 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §§ 45(a).

### INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND FDCPA

33. This Court is authorized to issue a permanent injunction to ensure that S&HPS, and/or Filer, and/or Gurule will not continue to violate the FTC Act and the FDCPA.

### EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND FDCPA

34. This Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC Act and the FDCPA, including the ability to order rescission or reformation of contracts, restitutions, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain, as well as awarding monetary civil damages to the Plaintiffs.

///

## CIVIL DAMAGES FOR VIOLATIONS OF THE FDCPA

35. Section 813 of the FDCPA, 15 U.S.C. §§ 1692k, authorizes the Court to award monetary damages for violations of the FDCPA.

36. Each instance in which either S&HPS or Filer or Gurule have failed to comply with the FDCPA in one or more ways described above constitutes a separate violation of the FDCPA for the purpose of assessing monetary civil damages with respect to each of the Plaintiffs. Each of the Plaintiffs seeks separate monetary civil damages for every separate violation of the FDCPA from each specified Defendant.

## CIVIL DAMAGES FOR VIOLATIONS OF THE WCAA/WCPA

37. A violation of any of the prohibited practices listed in RCW 19.16.250 is a per se violation of the WCPA (RCW 19.86) pursuant to RCW 19.16.440.

38. Violations of Section 808(1) of the FDCPA, 15 U.S.C. §§ 1692f(1) are also violations of RCW 19.16.250(21).

39. The WCPA (in RCW 19.86.090) permits the injured party to bring a civil action and authorizes the Court to enjoin further violations, and the injured party to recover actual damages, together with the costs of the suit, including reasonable attorney fees. It further authorizes, at the Court's discretion, up to treble damages, with the amount of treble damages not to exceed twenty-five thousand dollars.

40. In numerous instances, in connection with the collection of the alleged debt of the Plaintiffs, while prosecuting the TCSC case, S&HPS, and/or Filer, and/or Gurule have communicated with the Plaintiffs and represented or implied that the existing obligation of the Plaintiffs may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation the Plaintiffs, in violation of RCW 19.16.250(15).

41. In numerous instances, in connection with the collection of the alleged debt of the Plaintiffs, while prosecuting the TCSC case, S&HPS, and/or Filer, and/or Gurule have communicated with the Plaintiffs and attempted to collect in addition to the principal amount of a claim sums other than allowable interest, collection costs or handling fees expressly authorized by statute, in violation of RCW 19.16.250(21).

42. The acts and practices alleged in Paragraphs 40 and 41 constitute violations of RCW 19.16.250 Pursuant to the WCAA, specifically RCW 19.16.440, the acts and practices alleged in Paragraphs 40 and 41 also constitute unfair or deceptive acts or practices in violation of the WCPA (RCW 19.86).

43. The WCPA, in RCW 19.86.090, authorizes the Court to award monetary damages and costs of suit, including reasonable attorney's fees, for violations of the RCW 19.16.250.

44. Each instance in which either S&HPS or Filer or Gurule have failed to comply with RCW 19.16.250 in one or more ways described above constitutes a separate violation of the WCAA and the WCPA for the purpose of assessing monetary civil damages with respect to each of the Plaintiffs. Each of the Plaintiffs seeks separate monetary civil damages for every separate violation of RCW 19.16.250 from each specified Defendant.

45. Defendants' actions in violation of FDCPA and/or WCAA/WCPA caused Plaintiffs significant emotional distress, as well as caused Plaintiffs loss of enjoyment of life.

**Relief requested:**

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs, pursuant to 15 U.S.C. §§ 1692k, the WCAA (RCW 19.16), the WCPA (RCW 19.86), and the Court's own equitable powers, respectfully request that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, the WCAA, and the WCPA by S&HPS, Filer, and Gurule.

2. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, the WCAA, and the WCPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains.

3. Award the Plaintiffs monetary civil damages for each violation of the FDCPA, the WCAA, and the WCPA, as alleged in this complaint, including:

> a. actual damages sustained by the Plaintiffs, including but not limited to emotional distress and/or loss of enjoyment of life, in the amount to be determined by a trier of fact, with separate recovery under the FDCPA and under the WCAA/WCPA;
>
> b. for each FDCPA violation found to have been committed by the Defendant(s), additional damages in the amount of $1,000 to each Plaintiff from each of the Defendants found to have committed that specific violation;
>
> c. for each RCW 19.16.250 violation by each specific Defendant, treble the actual damages determined in a. above, as allowed and as limited by RCW 19.86.090.

4. Award the Plaintiffs the costs of bringing this action.

5. Award the Plaintiffs reasonable attorney's fee as determined by the Court, provided a licensed attorney appears for one or both of the Plaintiffs at any time during this action.

6. Award the Plaintiffs such other and additional relief as the Court may determine to be just and proper.

///

///

///

///

Signed this 23rd day of October, 2012, at Olympia, Washington.

*Heather F. Lukashin*

HEATHER F LUKASHIN, Plaintiff

*I. Lukashin*

IGOR LUKASHIN, Plaintiff